**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| RICKY WAGONER, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | NO. 2:04cv80 PS |
| | ) | |
| ED BUSS, | ) | |
| | ) | |
| Respondent | ) | |

## MEMORANDUM  AND ORDER

Pro se petitioner, Ricky Wagoner (Wagoner), an inmate at the Westville Correctional

Facility (WCF) in Westville, Indiana, brings this petition seeking relief under 28 U.S.C. §2254

after exhausting his administrative remedies.  Wagoner seeks relief from the findings of a

Conduct Adjustment Board ("CAB") proceeding conducted in which he was found guilty of

destroying and /or alteration of state property and was ordered to pay restitution for violating

prison rules.  He was also given a suspended loss of 60 days good time credit on the condition

that he not commit any A or B class violations for six months.

The CAB hearing was held on May 27, 2003. At the hearing, the CAB imposed two

sanctions; restitution and a suspended 60 day loss of good time credit.  The CAB hearing form

notes that the 60 day loss would be suspended on the condition that Mr. Wagoner not commit

any code A or B violations for six months.  That sanction was approved on June 11, 2003.

Accordingly, on December 11, 2003 any possibility of that sanction being imposed passed.

Indiana state prisoners have a liberty interest in good time credits, and they are entitled to

due process before the State may revoke those credits.  *McPherson v. McBride*, 188 F.3d 784,

785-86  (7th Cir. 1999).  In this case, the original sanction Mr. Wagoner received did potentially

affect the duration of his confinement because the suspended loss of good time credits could have lengthened his confinement.  *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004). However, the suspended sanction was never imposed, and the time in which the sanction could be imposed has expired.  There is no risk that Mr. Wagoner will have to serve additional time as a result of the CAB's decision.

Therefore, the only remaining sentence is the restitution.  "It is well settled that a prisoner has a constitutionally protected property interest in his prison trust account."  *Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986), *cert. denied*, 479 U.S. 1019 (1986); *Williams v. Wright*, 1995 WL 477782, *4 (N.D. Ind. Aug. 15, 1995).  There is also no question that state corrections authorities can freeze or debit an inmate's trust account to enforce the restitution orders of prison disciplinary boards, provided that the minimum requirements of procedural due process are afforded.  *Campbell,* 787 F.2d at 224- 25.

The respondent did not address whether or not Mr. Wagoner was provided with the minimum requirements of procedural due process. Accordingly, the respondent is granted until May 31, 2005 in which to address that issue.

**SO ORDERED**.

ENTERED: April 26, 2005

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT